**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2431
_____

AUTO EQUITY LOANS OF DELAWARE LLC,
                                                          Appellant

v.

ATTORNEY GENERAL OF THE COMMONWEALTH OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-19-cv-01590)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 17, 2022

Before:  HARDIMAN, SMITH and FISHER, *Circuit Judges*.

(Filed: July 18, 2022)
_____

OPINION*
_____

**FISHER**, *Circuit Judge*.

Auto Equity Loans of Delaware LLC, a Delaware-based company that provides

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

loans secured against motor vehicle titles, complains the Pennsylvania Attorney General's investigation into the company's lending practices violates the dormant Commerce Clause. Following the parties' cross-motions for judgment on the pleadings, the District Court dismissed Auto Equity Loans' challenges to the investigation. Because the material facts and legal issues are indistinguishable from and squarely controlled by our recent decision in *TitleMax of Delaware, Inc. v. Weissmann*,[1] we will affirm.[2]

The parties disagree over the District Court's holding on ripeness.[3] We do not wade into this ripeness dispute because Auto Equity Loans' challenge to the Attorney General's ability to investigate and enforce Pennsylvania usury law fails on the merits.[4] In *TitleMax*, we rejected the same dormant Commerce Clause argument that Auto Equity Loans presents to us now.[5] Auto Equity Loans asks us to look to the same Seventh

---

[1] 24 F.4th 230 (3d Cir. 2022).

[2] The District Court had jurisdiction under 28 U.S.C. § 1331 (federal question). We have jurisdiction under 28 U.S.C. § 1291 (final decision). We exercise plenary review over a district court's ruling on a motion for judgment on the pleadings. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005). We will affirm if "there are no material issues of fact," and the movant is entitled to judgment as a matter of law. *Id.* at 220.

[3] Notably, the parties disagree over *what* the District Court held on ripeness. *Compare* Appellant's Br. at 11 ("The District Court held that Auto Equity Loans' challenge to the Attorney General's investigation was not ripe[.]"), *with* Appellee's Br. at 11 ("At no point . . . did the district court conclude that the issue was not ripe.").

[4] We "may affirm on any basis supported by the record." *Baloga v. Pittston Area Sch. Dist.*, 927 F.3d 742, 751 (3d Cir. 2019). Although, to the extent necessary for our jurisdiction, the challenge to the investigation is plainly ripe. *See Plains All Am. Pipeline L.P. v. Cook*, 866 F.3d 534, 539 (3d Cir. 2017).

[5] *See* 24 F.4th at 241.

Circuit decision we expressly declined to follow in *TitleMax*.[6] And just like the auto lender in *TitleMax*, Auto Equity Loans claims to have no operations in Pennsylvania. But, as we have held, a creditor-debtor relationship between an out-of-state lender and an in-state debtor suffices to show the lender's activities are not "wholly outside" of the state seeking to enforce its laws.[7] Auto Equity Loans' own statement of facts shows precisely such a relationship between it and Pennsylvania consumers, making this case indistinguishable from *TitleMax*.

In brief, this case is controlled by our prior decision, so we will affirm.

---

[6] *Id.* at 239 n.11 (declining to follow *Midwest Title Loans, Inc. v. Mills*, 593 F.3d 660 (7th Cir. 2010)).

[7] *Id.* at 238–39 & n.9 (quoting *A.S. Goldmen & Co. v. N.J. Bureau of Sec.*, 163 F.3d 780, 786 (3d Cir. 1999)).